# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HARVEY ROSS,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-17-0665-I-1<br><br><br><br>DATE: June 23, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Harvey Ross, Glen Burnie, Maryland, pro se.

Ladonna L. Griffith-Lesesne, Landover, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his adverse action appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant filed a Board appeal challenging his removal from his Mail Processing Equipment Mechanic position and other alleged adverse actions. Initial Appeal File (IAF), Tab 1 at 2. On his Board appeal form, the appellant indicated that he is entitled to veterans' preference pursuant to 5 U.S.C. § 2108. *Id.* at 1.

¶3   The agency filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the appellant is not a preference eligible under 5 U.S.C. § 2108, and was not otherwise in a position that would entitle him to Board appeal rights. IAF, Tab 4. In support of its motion, the agency submitted documentation showing that the appellant served in the U.S. Navy from March 1, 1977, to July 10, 1981, a time period that generally would not qualify him for veterans' preference under 5 U.S.C. § 2108. *Id.* at 12-14; *see Alley v. U.S. Postal Service*, 100 M.S.P.R. 283, ¶ 7 (2005) (explaining that the appellant's military service from 1977 to 1981 did not qualify her for veterans' preference).

¶4   The administrative judge issued an order informing the appellant of the requirements for establishing Board jurisdiction over his appeal and directing him

to prove that the Board has jurisdiction over his appeal or that he is entitled to a hearing on the jurisdictional issue. IAF, Tab 5. In response, the appellant argued the merits of his appeal but did not address the issue of whether he is a preference-eligible veteran. IAF, Tabs 6, 8.

¶5 Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID) at 1, 4. The administrative judge determined that the appellant provided no basis for finding that he is a preference eligible under 5 U.S.C. § 2108 and, therefore, failed to make a nonfrivolous allegation of Board jurisdiction. ID at 4.

¶6 The appellant has filed a petition for review, the agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

¶7 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A U.S. Postal Service employee has a right to appeal an adverse action to the Board if he (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity, and (2) has completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 17 (2016).

¶8 In this case, it is undisputed that the appellant was not a management or supervisory employee and did not engage in personnel work. IAF, Tab 4 at 10. It is also undisputed that the appellant had at least 1 year of current continuous service. *Id.* Accordingly, for the Board to have jurisdiction over his appeal, the appellant must be preference eligible.

¶9 Under 5 U.S.C. § 2108(1)(A), and § 2108(3), an appellant may establish that he is preference eligible by showing that he served on active duty in the armed forces during a war, in a campaign or expedition for which a campaign badge has been authorized, or during the period beginning April 28, 1952, and ending July 1, 1955. On review, the appellant contends that he is a preference eligible under these provisions because he served on active duty in the armed forces during three wars, which he identifies as follows: (1) Indian Ocean/Iran—November 21, 1979, to October 20, 1981; (2) Iran/Yemen/Indian Ocean—December 8, 1978, to June 6, 1979; and (3) El Salvador—January 1, 1981, to February 1, 1992. PFR File, Tab 1 at 2. The appellant asserts that these conflicts qualify as wars for purposes of 5 U.S.C. § 2108 because Title 38 of the U.S. Code defines "period of war" to include many non-declared wars. *Id.* Therefore, the appellant contends, the Board has jurisdiction over his appeal. *Id.* at 3.

¶10 This argument is unpersuasive. Both the Office of Personnel Management (OPM) and the Board have interpreted the term "war," as used in 5 U.S.C. § 2108(1)(A), to mean an armed conflict for which a declaration of war has been issued by Congress. *Durand v. Environmental Protection Agency*, 106 M.S.P.R. 533, ¶ 15 (2007); U.S. Office of Personnel Management, Vet Guide, Appendix A, https://www.opm.gov/policy-data-oversight/veterans-services/vet-guide-for-hr-professionals/ (last visited June 23, 2023),[2] As the Board noted in *Durand*, the last "war" for which active duty is qualifying for veterans' preference is World War II, and the inclusive dates for service in that war are December 7, 1941, through April 28, 1952. *Durand*, 106 M.S.P.R. 533, ¶ 17 (citing Vet Guide, Appendix A). Thus, no period of the appellant's service occurred during a war within the meaning of 5 U.S.C. § 2108(1)(A). Therefore, the appellant is not a

---

[2] In Appendix A of the Vet Guide, OPM also explains that, although Title 38 defines "period of war" to include many non-declared wars, such conflicts entitle a veteran to benefits under Title 38, but not necessarily to preference or service credit under Title 5.

preference eligible on the basis that he served on active duty in the armed forces during a war.

¶11    Because Appendix A of OPM's Vet Guide lists the conflicts cited by the appellant as campaigns or expeditions that qualify for veterans' preference, we also have considered whether he is a preference eligible under 5 U.S.C. § 2108(1)(A) on the basis that he served in a campaign or expedition for which a campaign badge has been authorized.  To qualify for veterans' preference on this basis, the appellant must prove both that he was on active duty in the armed forces during the campaign and that he actually served in the campaign.  *Sellers v. U.S. Postal Service*, 98 M.S.P.R. 44, ¶ 9 (2004).  Although the appellant was on active duty in the armed forces during these conflicts, he did not serve in any of them.  Therefore, we conclude that the appellant has not proven that he is preference eligible under 5 U.S.C. § 2108.  Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7703</u>(b)(2); *see Perry v. Merit Systems Protection Board*, <u>582 U.S. 420</u> (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* <u>42 U.S.C. § 2000e-5</u>(f) and <u>29 U.S.C. § 794a</u>.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  <u>5 U.S.C. § 7702</u>(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  <u>5 U.S.C. § 7702</u>(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for

                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.